## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JOSEPH DELLA VECCHIA,**

   **Plaintiff,**

v.                                         **Case No:**

**CAPITAL ONE BANK, N.A.,**

   **Defendant.**                         **DEMAND FOR JURY TRIAL**
_____/

## PLAINTIFF'S COMPLAINT
## WITH INJUNCTIVE RELIEF SOUGHT

   **COMES NOW**, Plaintiff, **JOSEPH DELLA VECCHIA** ("Mr. Della Vecchia"

or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this

Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant,

**CAPITAL ONE BANK, N.A.** ("Defendant") and in support thereof states as follows:

### *Introduction*

1.  This action arises out of a "Debt" or "Consumer Debt" as defined by Fla. Stat. §

    559.55 (6) and Defendant's violations of the Restrictions on Use of Telephone

    Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection

    Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such

    Debt by using an automatic telephone dialing system or an artificial or prerecorded

    voice to call Mr. Della Vecchia's Cellular Telephone after Mr. Della Vecchia

    expressly revoked consent for Defendant to place calls to his Cellular Telephone,

    which can reasonably be expected to harass Mr. Della Vecchia.

### *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

3. Jurisdiction of this Court also arises under Fla. Stat. § 559.77 (1).

4. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

5. Plaintiff, Mr. Della Vecchia, was and is a natural person and, at all times material hereto, is an adult, a resident of Hillsborough County, Florida and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

6. Mr. Della Vecchia is the regular user and subscriber of the cellular telephone number 727-***-3630 ("Mr. Della Vecchia's Cellular Telephone"), and thereby is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii).

7. At all times material hereto, Defendant was and is a national bank with its headquarters located at 8000 Tower Crescent Drive, 16th Floor, Tysons Corner, VA 21182.

### *Statements of Fact*

8. Mr. Della Vecchia opened a line of credit with Defendant for personal household purposes ("Account")

9. Sometime thereafter, Mr. Della Vecchia fell behind on his monthly payments to Defendant and incurred an outstanding balance on the Account ("Debt").

10. In or around March of 2017, Defendant began placing calls to Mr. Della Vecchia's Cellular Telephone in attempts to collect the Debt.

11. Mr. Della Vecchia answered several of Defendant's first few calls and repeatedly demanded that Defendant stop calling his Cellular Telephone.

12. Despite Mr. Della Vecchia's repeated demands that Defendant stop calling his Cellular Telephone, Defendant continued to place calls to Mr. Della Vecchia's Cellular Telephone in attempts to collect the Debt.

13. Defendant called Mr. Della Vecchia's Cellular Telephone at least forty-five (45) times thereafter.

14. Upon answering at least one of Defendant's first few calls, Mr. Della Vecchia heard a pause before he was connected to a live representative of Defendant.

15. Mr. Della Vecchia has been harassed by Defendant's calls due to the frequency and timing of each of the calls.

16. All of Defendant's calls to Mr. Della Vecchia's Cellular Telephone were placed in an attempt to collect the Debt.

17. Since January 2015, Defendant has had at least three hundred forty-nine (349) complaints regarding its telephone contact with consumers, most of which are categorized as "Frequent or repeated calls" filed against it with the Consumer Financial Protection Bureau. **Exhibit A**.

### *Count 1: Violation of the Telephone Consumer Protection Act*

18. Mr. Della Vecchia re-alleges paragraphs 1-17 and incorporates the same herein by reference.

19. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

20. Mr. Della Vecchia revoked consent to have Defendant call his Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message in or around March 2017, when he expressly told Defendant to stop calling him.

21. Despite this revocation of consent, Defendant thereafter called Mr. Della Vecchia's Cellular Telephone at least forty-five (45) more times.

22. Defendant did not place any emergency calls to Mr. Della Vecchia's Cellular Telephone.

23. Defendant willfully and knowingly placed non-emergency calls to Mr. Della Vecchia's Cellular Telephone.

24. Mr. Della Vecchia knew that Defendant called Mr. Della Vecchia's Cellular Telephone using an ATDS because he heard a pause when he answered at least one of the first few calls from Defendant on his cellular telephone before a live representative of Defendant came on the line.

25. Mr. Della Vecchia knew that Defendant called Mr. Della Vecchia's Cellular Telephone using a prerecorded voice because Defendant left Mr. Della Vecchia at least one voicemail using a prerecorded voice.

26. Defendant used an ATDS when it placed at least one call to Mr. Della Vecchia's Cellular Telephone.

27. Under information and belief, Defendant used an ATDS when it placed at least ten calls to Mr. Della Vecchia's Cellular Telephone.

28. Under information and belief, Defendant used an ATDS when it placed at least twenty calls to Mr. Della Vecchia's Cellular Telephone.

29. Under information and belief, Defendant used an ATDS when it placed all calls to Mr. Della Vecchia's Cellular Telephone.

30. At least one call that Defendant placed to Mr. Della Vecchia's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

31. At least one call that Defendant placed to Mr. Della Vecchia's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

32. At least one call that Defendant placed to Mr. Della Vecchia's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

33. At least one call that Defendant placed to Mr. Della Vecchia's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

34. At least one call that Defendant placed to Mr. Della Vecchia's Cellular Telephone was made using a prerecorded voice.

35. Defendant has recorded at least one conversation with Mr. Della Vecchia.

36. Defendant has recorded more than one conversation with Mr. Della Vecchia.

37. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Mr. Della Vecchia, for its financial gain.

38. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Mr. Della Vecchia's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

39. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Mr. Della Vecchia, despite individuals like Mr. Della Vecchia revoking any consent that Defendant believes it may have to place such calls.

40. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Mr. Della Vecchia's Cellular Telephone.

41. Defendant has corporate policies to abuse and harass consumers like Mr. Della Vecchia despite having actual knowledge that they are calling the wrong person and that the called person does not wish to be called.

42. As direct evidence of Defendant's corporate policies and procedures as described above, since January 2015, Defendant has had at least three hundred forty-nine (349) complaints regarding its telephone contact with consumers, most of which are categorized as "Frequent or repeated calls" filed against it with the Consumer Financial Protection Bureau. **Exhibit A**.

43. Defendant's phone calls and texts harmed Mr. Della Vecchia by trespassing upon and interfering with Mr. Della Vecchia's rights and interests in his Cellular Telephone line.

44. Defendant's phone calls and texts harmed Mr. Della Vecchia by wasting his time.

45. Defendant's phone calls and texts harmed Mr. Della Vecchia by being a nuisance and causing him aggravation.

46. Defendant's phone calls and texts harmed Mr. Della Vecchia by causing him to lose sleep.

47. Defendant's phone calls and texts harmed Mr. Della Vecchia by causing him anxiety.

48. Defendant's phone calls and texts harmed Mr. Della Vecchia by causing him emotional distress.

49. Defendant's phone calls and texts harmed Mr. Della Vecchia by causing him embarrassment.

50. Defendant's phone calls and texts harmed Mr. Della Vecchia by causing a risk of personal injury to Mr. Della Vecchia due to interruption and distraction.

51. Defendant's phone calls and texts harmed Mr. Della Vecchia by invading his privacy.

52. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

     a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

     b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

     c. Awarding Plaintiff costs;

     d. Ordering an injunction preventing further wrongful contact by the Defendant; and

     e. Any other and further relief as this Court deems equitable.

## *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

53. Mr. Della Vecchia re-alleges paragraphs 1-17 and incorporates the same herein by reference.

54. Defendant violated the FCCPA.  Defendant's violations include, but are not limited to, the following:

     a. Defendant violated Fla. Stat. § 559.72(7), by willfully communicating with Mr. Della Vecchia with such frequency as can reasonably be expected to harass Mr. Della Vecchia, and by continuing to place calls to Mr. Della Vecchia's Cellular

Telephone despite Mr. Della Vecchia's repeated demands that Defendant cease its calls, which can reasonably be expected to harass Mr. Della Vecchia.

55. As a result of the above violations of the FCCPA, Mr. Della Vecchia has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

56. Defendant's actions have damaged Mr. Della Vecchia by invading his privacy.

57. Defendant's actions have damaged Mr. Della Vecchia by causing him embarrassment.

58. Defendant's actions have damaged Mr. Della Vecchia by causing him emotional distress.

59. Defendant's actions have damaged Mr. Della Vecchia by causing him stress.

60. Defendant's actions have damaged Mr. Della Vecchia by causing him anxiety.

61. Defendant's actions have damaged Mr. Della Vecchia by causing him aggravation.

62. Defendant's actions have damaged Mr. Della Vecchia by causing him loss of sleep.

63. Defendant's actions have damaged Mr. Della Vecchia by harming his reputation.

64. It has been necessary for Mr. Della Vecchia to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

65. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

a.  Awarding statutory damages as provided by §559.77, Fla. Stat.;

b.  Awarding actual damages;

c.  Awarding punitive damages;

d.  Awarding costs and attorneys' fees;

e.  Ordering an injunction preventing further wrongful contact by the Defendant; and

f.  Any other and further relief as this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Joseph Della Vecchia, demands a trial by jury on all issues so triable.

Respectfully submitted this **December 26, 2017,**

*/s/ Michael A. Ziegler*
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

*/s/  Kaelyn Steinkraus*
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
13575 58th Street North, Suite 129
Clearwater, FL 33760
(p)  (727) 538-4188
(f)  (727) 362-4778
Attorneys and Trial Counsel for Plaintiff